# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**VICTOR ROBERT BROWN,**

    Plaintiff,

  v.                                                                   Case No. 18-CV-1957

**NURSE JANE/JOHN DOES,
SUE PETERS, and JEAN LUTSEY,**

    Defendants.

## ORDER

Plaintiff Victor Robert Brown, a pro se inmate at Green Bay Correctional Institution (GBCI), filed a complaint under 42 U.S.C. § 1983 alleging that after he engaged in self-harm the defendants improperly diagnosed his condition as stable when it was later determined that he needed a blood transfusion. (ECF No. 1.) Brown also filed a motion to proceed without prepaying the filing fee (ECF No. 2), a motion for an Order directing GBCI to send his certified trust account statements (ECF No. 3), a motion for an extension of time (ECF No. 7), and a motion to appoint counsel (ECF No. 4).

The court has jurisdiction to resolve Brown's motions and to screen his complaint in light of his consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

1. **Motion to Proceed without Prepayment of the Filing Fee, Motion for Order Directing GBCI to Send Certified Trust Account Statements, and Motion for an Extension of Time**

The Prison Litigation Reform Act (PLRA) gives courts discretion to allow prisoners to proceed with their lawsuits without prepaying the $350 filing fee as long as they comply with certain requirements. 28 U.S.C. §1915. One of those requirements is that the prisoner pay an initial partial filing fee assessed based on the court's review of the prisoner's trust account statement. On December 20, 2018, after reviewing Brown's trust account statements and finding that he lacked the financial resources to pay an initial partial filing fee, the court waived that fee. (ECF No. 12.) Thus, the court will grant Brown's motion to proceed without prepaying the filing fee and deny as moot his motion for order directing GBCI to send his certified trust account statements and his motion for an extension of time to file his certified trust account statements. He will be required to pay the $350 filing fee over time in the manner described at the end of this Order.

2. **Screening of the Complaint**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp.*

*v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give a plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

### 2.1 Allegations in the Complaint

Brown alleges that on February 8, 2017, while housed in the restrictive housing unit (RHU) of GBCI, he "cut [himself] and bled all over the floor." (ECF No. 1 at 2.) At some point, Brown informed a correctional officer that he had cut himself. (*Id.*) Brown was promptly taken by wheelchair to the health services unit, where he was assessed by a nurse Jane Doe, who had seen the amount of blood on Brown's floor and who had access to Brown's file that showed Brown had had recent similar incidents. (*Id.* at 2-3.) Nurse Jane Doe found Brown's vitals stable, and Brown was placed in observation. (*Id.* at 3.)

The following day, Brown was assessed by another Nurse Jane Doe and a nurse John Doe. (*Id*.) They also found Brown's vitals stable. (*Id*.) However, later that same day, Brown informed staff that he was having chest pains and feeling very weak. (*Id*.) RN Shane (not a defendant) ordered that Brown be taken to the emergency room at St. Vincent's Hospital, where Brown was assessed and it was determined that he had suffered a blood loss requiring a transfusion of three units of blood. (*Id*.)

Brown seeks injunctive relief and compensatory and punitive damages. (*Id*. at 5.) He has also requested a preliminary injunction, asserting that 1) GBCI has him in a cell with no call button; 2) GBCI refuses to put him on scheduled safety check while in this cell with no call button; 3) GBCI does not have any rehabilitative programs available; 4) GBCI is very short staffed; and 5) he has been diagnosed with various mental illnesses and is "in serious need of treatment." (*Id*. at 5-6). He asked to be given a transfer hearing or to be administratively transferred to another facility. (*Id*. at 6.)

### 2.2   *Analysis*

Before moving to Brown's substantive claims, the court notes that he names Sue Peters and Jean Lutsey as defendants but does not allege any facts supporting a claim that either of them violated his constitutional rights. Under section 1983, an individual can be liable only if that individual is personally responsible for a constitutional deprivation. *See Doyle v. Camelot Care Centers, Inc.*, 305 F.3d 603, 614-15 (7th Cir. 2002); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible."). There is no supervisory

4

liability, collective liability or vicarious liability under 42 U.S.C. § 1983. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). In other words, there is no liability unless the defendant is personally involved in the violation of plaintiff's rights. *See Morfin v. City of East Chicago*, 349 F.3d 989, 1001 (7th Cir. 2003). Therefore, Brown may not proceed against Sue Peters or Jean Lutsey.

Regarding his substantive claims, "[t]he Eighth Amendment safeguards the prisoner against a lack of medical care that 'may result in pain and suffering which no one suggests would serve any penological purpose.'" *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 828 (7th Cir. 2009) (quoting *Estelle*, 429 U.S. at 103). Prison officials are liable for violating the Eighth Amendment if they are "deliberately indifferent to prisoners' serious medical needs." *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011). "To show deliberate indifference, a plaintiff must show that the defendant 'acted with a sufficiently culpable state of mind,' something akin to recklessness." *Id.* at 751. A prison official acts with a sufficiently culpable state of mind when "he 'knows of and disregards an excessive risk to inmate health or safety.'" *Chatham v. Davis*, 839 F.3d 679, 684 (2016) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Mere negligence or malpractice does not rise to the level of a constitutional violation. *Petties v. Carter*, 836 F.3d 722, 727-28 (7th Cir. 2016).

Brown's allegations do not support an Eighth Amendment claim against any of the remaining Doe defendants for deliberate indifference. In fact, Brown does not even allege that the Jane and John Doe nurses were deliberately indifferent to his serious medical needs. As alleged, they assessed Brown immediately after he had

5

engaged in self-harm. They determined that Brown was stable. Although Brown later had to receive a blood transfusion allegedly due to the blood he had lost as a result of his self-harming actions, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle*, 429 U.S. at 106. Thus, Brown may not proceed with his claims against the Jane/John Doe nurse defendants.

Having failed to state any cognizable claim, the court will dismiss this case. For the same reason, the court will deny Brown's request for a preliminary injunction. *See Christian Legal Soc'y v. Walker*, 453 F.3d 853, 859 (7th Cir. 2006) (noting that a party seeking a preliminary injunction must demonstrate, among other things, that he is reasonably likely to succeed on the merits). Additionally, Brown's request for counsel is moot.

### 3. Conclusion

**IT IS ORDERED** that Brown's motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **GRANTED.**

**IT IS ALSO ORDERED** that Brown's motion for an order directing GBCI to send Brown's certified trust account statements (ECF No. 3) is **DENIED as moot**.

**IT IS ALSO ORDERED** that Brown's motion to appoint counsel (ECF No. 4) is **DENIED as moot**.

**IT IS ALSO ORDERED** that Brown's motion for an extension of time (ECF No. 7) is **DENIED as moot**.

6

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that Brown has incurred a "strike" under 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of Brown shall collect from his institution trust account the $350 balance of the filing fee by collecting monthly payments from Brown's prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Brown is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution.

**IT IS ALSO ORDERED** that a copy of this order be sent to the officer in charge of the agency where Brown is confined.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this

court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. of App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A).

Under limited circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The court cannot extend this deadline. *See* Fed. R. Civ P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate.

Dated at Milwaukee, Wisconsin this 15th day of January, 2019.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge