# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**VICTOR ROBERT BROWN,**

    Plaintiff,

v.                                                                        **Case No. 18-CV-1957**

**NURSE JANE/JOHN DOES,
SUE PETERS, and JEAN LUTSEY,**

    Defendants.

## ORDER

On January 15, 2019, the court screened pro se plaintiff Victor Robert Brown's complaint and found that he had failed to state a claim under 42 U.S.C. § 1983. (ECF No. 18.) Indeed, the court found that at most Brown had alleged a claim of medical malpractice against the nurses that treated him after he had engaged in self-harm, a claim not cognizable under § 1983. The court, therefore, dismissed the case and Brown was assessed a strike under 28 U.S.C. § 1915(g).

Brown has now filed a motion to alter the court's judgment (ECF No. 20), a motion to amend his complaint (ECF No. 21), and a motion for an order requiring the Green Bay Correctional Institution (GBCI) business office to provide him with five legal loan applications (ECF No. 22).

Federal Rule of Civil Procedure 59(e) governs Brown's motion for reconsideration of a judgment. "Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly

discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 486, 494 (7th Cir. 2008) (citing *Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metropolitan Life Ins. Co.*, 224, F.3d 601, 606 (7th Cir. 2000) (citation omitted).

Brown does not assert that the court made a manifest error of law, nor does he allege any newly discovered evidence. Instead, he argues that the court erred in dismissing his case because he believes he stated a claim of deliberate indifference. He asserts that the Jane Doe nurse knew or should have known "because of the amount of blood on the floor" that Brown needed to go to the hospital for additional treatment. (ECF No. 20 at 1.) However, as explained in the court's screening order, notwithstanding the amount of blood on the floor, the nurse found Brown's vitals to be stable and placed him in observation. The following day he was seen by another nurse, who also found Brown's vitals to be stable. Brown makes no allegation that he was feeling chest pains or feeling weak on either occasion, nor does he dispute that his vitals were stable. When later that day he for the first time began to have chest pains and felt weak, he was taken to the emergency room at the hospital.

At most, Brown's allegations allege medical negligence. But, as stated before, a claim of medical negligence does not rise to the level of a constitutional deprivation. *Petties v. Carter*, 836 F.3d 722, 727-28 (7th Cir. 2016). Therefore, Brown's motion to alter the judgment will be denied.

The court will also deny Brown's motion to amend his complaint. It merely

2

expounds on facts related to how the Jane Doe nurse should have inferred that Brown needed additional medical treatment. But, for the reasons discussed above, Brown has not alleged conduct that constitutes deliberate indifference. Leave to amend is not appropriate where the amendment would be futile. *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n,* 377 F.3d 682, 687 (7th Cir. 2004). Additionally, Brown's assessed strike remains.

As for Brown's motion for order requiring the GBCI business office to provide him with five legal loan applications (ECF No. 22), given the fact that this case has been dismissed Brown has no need for a legal loan relating to it. Moreover, the court is not inclined to insert itself into such matters of prison administration. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983) ("[P]rison officials have broad administrative and discretionary authority over the institutions they manage.").

**IT IS ORDERED** that Brown's motion to alter judgment (ECF No. 20) is **DENIED.**

**IT IS ALSO ORDERED** that Brown's motion to amend his complaint (ECF No. 21) is **DENIED**.

**IT IS FURTHER ORDERED** that Brown's motion for order (ECF No. 22) is **DENIED**.

Dated at Milwaukee, Wisconsin this 7th day of February, 2019.

WILLIAM E. DUFFIN
U.S. Magistrate Judge

3