# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**VICTOR ROBERT BROWN,**

    Plaintiff,

  v.                                          Case No. 18-CV-1957

**NURSE JANE DOE, ET AL.,**

    Defendants.

## ORDER

On January 15, 2019, the court issued a screening order finding that plaintiff Victor Robert Brown had failed to state a claim and dismissing this action. (ECF No. 18.) The court subsequently denied Brown's motion to alter its judgment and his motion to amend his complaint. (ECF No. 23.) Brown filed a notice of appeal on March 7, 2019. (ECF No. 24.) He has also filed with this court a motion requesting leave to proceed without prepaying the filing fee on appeal (ECF No. 31) and asking the court to order Green Bay Correctional Institution (GBCI) to provide the court with his trust account statements to support his motion (ECF No. 29).

Under the Prison Litigation Reform Act, a prisoner must pay the applicable filing fee in full for a civil action. 28 U.S.C. § 1915(b). If a prisoner does not have the money to pay the $505.00 filing fee for an appeal, he can request leave to proceed without paying the filing fee. To proceed with an action or appeal without paying the filing fee, the prisoner must complete a petition and affidavit seeking such leave and

return it to the court along with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. 28 U.S.C. § 1915(a)(2). If the court concludes that the prisoner plaintiff cannot prepay the full filing fee, it must then assess an initial partial filing fee of twenty percent of (a) the average monthly deposits to plaintiff's prison account, or (b) the average monthly balance in the plaintiff's prison account for the six-month period immediately preceding the filing of the notice of appeal, whichever is greater. 28 U.S.C. § 1915(b)(1).

After the initial partial filing fee is paid, the prisoner must make monthly payments of twenty percent of the preceding month's income until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10.00. *Id.* There are three grounds for denying a prisoner appellant's request to proceed without prepaying the filing fee: the prisoner has not established indigence, the appeal is not taken in good faith, or the prisoner has three strikes. *See* 28 U.S.C. §§ 1915(a)(2)-(3), (g).

The docket shows that Brown's trust account statements were filed on March 25, 2019. (ECF No. 28.) As a result, the court will deny his request to order GBCI to again provide the court with the statements. Also, the court finds Brown has established that he is indigent and that he has not accrued three strikes. Fed. R. App. P. 24(a). *See also, Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (". . . a plaintiff who . . . was allowed to proceed in forma pauperis in the district court retains his IFP

status in the court of appeals unless there is a certification of bad faith."). That leaves only the question of whether he filed his appeal in good faith.

A district court should not apply an inappropriately high standard when making its good faith determination. *Pate v. Stevens*, 163 F.3d 437, 439 (7th Cir. 1998). An appeal is taken in "good faith" if it seeks review of any issue that is not frivolous, meaning it involves "legal points arguable on their merits." *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983) (quoting *Anders v. California*, 386 U.S. 738 (1967)); *see also Coppedge v. United States*, 369 U.S. 438, 445 (1962). On the other hand, an appeal based on a frivolous claim—that is, a claim that no reasonable person could suppose has any merit—is one taken in bad faith. *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000).

The court does not find that Brown's appeal is taken in bad faith. Therefore, it will grant his motion for leave to proceed without prepaying the filing fee for his appeal. Brown will be responsible for paying the filing fee pursuant to 28 U.S.C. § 1915(b)(2). *Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997), *rev'd on other grounds by, Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000) and *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000).

**IT IS THEREFORE ORDERED** that Brown's motion for order (ECF No. 29) is **DENIED**.

**IT IS FURTHER ORDERED** that Brown's motion for leave to proceed without prepaying the filing fee (ECF. No. 31) is **GRANTED**.

**IT IS FURTHER ORDERED** that the agency having custody of Brown shall collect from his institution trust account the $505.00 filing fee by collecting monthly payments from his prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Brown is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with Brown's remaining balance to the receiving institution.

**IT IS ALSO ORDERED** that a copy of this order be sent to the officer in charge of the agency where Brown is confined.

**IT IS FURTHER ORDERED** that a copy of this order be sent to PLRA Attorney, United States Court of Appeals for the Seventh Circuit, 219 S. Dearborn Street, Rm. 2722, Chicago, Illinois 60604.

Dated at Milwaukee, Wisconsin this 23rd day of May, 2019.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge